UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20747-CR-WILLIAMS
Magistrate Judge Torres

**UNITED STATES OF AMERICA**

v.

**MARCELO REYES LOPEZ**

_____/

**UNITED STATES' UNOPPOSED MOTION FOR PROTECTIVE
ORDER REGULATING DISCLOSURE OF DISCOVERY INFORMATION**

The United States of America respectfully moves for a Protective Order in the above-captioned case, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for appropriate protections against widespread dissemination of discovery materials and sensitive information they contain. This sensitive information includes records containing personal information of third parties, such as birth dates and social security numbers. It also includes records which identify third-party bank accounts and financial information. Certain material, although not itself subject to a sealing order, pertains to subject matter that has been placed under seal in another federal district. The United States accordingly seeks, without objection from the defense, protections that will not impede the defendant's ability to prepare a defense, but which will protect against improper dissemination or use of the sensitive

information. Therefore, United States respectfully submits that the equities favor this Court placing reasonable limitations on the use of sensitive information in discovery materials.

## BACKGROUND

A federal grand jury has indicted the defendant for conspiracy to commit money laundering in violation of Title 18, United States Code, Section 19569(h). DE 9. This Court arraigned the defendant on November 3, 2017 and issued the Court's Standing Discovery Order. DE 23. The United States anticipates that its evidence will show the defendant participated in an extensive bribery scheme that existed to provide illicit payments to officials from Ecuador's state-run and state-controlled oil company in order to secure and profit from contracts with that company. The United States also anticipates that its evidence will show the defendant received proceeds from the bribery scheme in a manner designed to conceal and disguise the nature, location, source and ownership of those proceeds. Such evidence will include records relating to property transactions involving layered ownership arrangements and straw purchasers. Financial and other records which the United States will produce in discovery include sensitive account or identification information, as well as other sensitive information. In an attempt to protect the sensitive information in discovery materials, the United States proposes the following restrictions be placed on the disclosure and use of the discovery materials in this case:

1. Counsel of record for the defendant shall hold the discovery

materials in strict confidence, disclosing this information to the defendant, office staff, investigators, and witnesses (including any experts) only to the extent he or she believes is necessary to assist in the defense of this matter.

2. Counsel of record for the defendant shall advise any person to whom the discovery materials are disclosed that, pursuant to the attached Protective Order, the information must be held in strict confidence and the recipient may not further disclose or disseminate the information.

3. Counsel of record for the defendant shall obtain a certification from each person to whom the discovery materials are disclosed, in which the recipient (a) acknowledges the restrictions set forth in the Protective Order, and (b) agrees that he/she will not disclose or disseminate the information without the express consent of defense counsel. Counsel shall keep a copy of each certification to identify the individuals who received the discovery materials and the date on which such information was first disclosed.[1]

4. At the conclusion of the above-captioned case, counsel of record for the defendant shall either destroy the discovery materials or return them to the United States.

## **ANALYSIS AND MEMORANDUM OF LAW**

A trial court "can and should, where appropriate, place a

---

[1] A proposed certification is attached as an exhibit hereto.

defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). courts have long recognized that protective orders are appropriate where disclosure will impact victims or innocent third parties. *See, e.g., United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("The privacy interests of third parties . . . should weigh heavily in a court's balancing equation.") (Citations omitted). In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions. *See* Fed R. Crim. P. 16(d)(1). The government does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires. *See e.g*, *United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses"). Instead, the government only seeks to facilitate discovery, while protecting against the improper disclosure or use of an individual's identification information. The proposed Protective Order, attached as an exhibit hereto, would have no effect on the defendant's ability to prepare defenses and would protect sensitive information concerning third parties. Indeed, in some jurisdictions, similar provisions are standard in all cases. *See, e.g., In Re Bragg*, 2012 WL 566958, at *4 (W.D.Va.

2012) (finding criminal defense attorney in contempt of court for failing to abide by standard discovery order which prohibited the removal of any discoverable material from the office of defense counsel unless kept in the personal possession of defense counsel at all times, and which prohibited a defendant's possession of discoverable material unless in the presence of defense counsel).

It is appropriate for any protective order to admonish the parties that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose. *See United States v. Gangi*, No. 97 CR 1215(DC), 1998 WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case");  *see generally United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation.  That is why parties regularly agree, and courts often order, that discovery information will remain private.").

The government's proposed order, or one materially similar thereto, has been entered in other fraud matters in the Southern

District of Florida to ensure the integrity of sensitive information disclosed in discovery.  *See United States v. Jean Chauvel, et al.,* No. 15-20289-CR-COHN (DE 21, 59)(S.D. Fla. June 16, 2015 and January 6, 2016); *United States v. Venereo, et al.,* Case No. 14-20566-CR-ALTONAGA, (DE 30)(S.D. Fla. Aug. 18, 2014); *United States v. Hernandez*, Case No. 13-20520-CR-GRAHAM (DE 17) (S.D. Fl. July 31, 2013); *United States v. Leitman*, Case No. 10-20883-CR-GRAHAM (DE 29)(S.D. Fla. January 10, 2011); *United States v. DeSousa, et al.,* Case No. 10-20524-CR-GOLD (DE 25)(S.D. Fla. August 12, 2010); *United States v. Vasquez, et al.,* Case No. 10-20707-CR-ALTONAGA (DE 35)(S.D. Fla. November 1, 2010); *United States v. Figueroa, et al.,* Case No. 09-20610-CR-LENARD (DE 105) (S.D. Fla. October 7, 2009).

On November 15, 2017, the undersigned conferred with Carl A. Kafka, Esq. and Erick Cruz, Esq., who are counsel of record for the defendant and who advised that there is no objection to entry of the proposed Protective Order.

WHEREFORE, the United States of America respectfully moves this Court to issue the proposed Protective Order.

    Respectfully submitted,

    BENJAMIN G. GREENBERG
    ACTING UNITED STATES ATTORNEY

By:  s/ Karen E. Rochlin
    Karen E. Rochlin
    Assistant U. S. Attorney
    Court I.D. No. A5500050
    99 Northeast 4th Street
    Miami, Florida 33132-2111

        Tel. (305) 961-9234
        karen.rochlin@usdoj.gov


        SANDRA MOSER
        ACTING CHIEF, FRAUD SECTION

        DEBORAH L. CONNOR
        ACTING CHIEF, MONEY LAUNDERING
        & ASSET RECOVERY SECTION

By:  s/Lorinda Laryea
        Lorinda Laryea
        Court I.D. No. A5502385
        David Fuhr
        Randall Warden
        Trial Attorneys
        Department of Justice
        1400 New York Ave. N.W.
        Telephone: (202) 353-3439
        lorinda.laryea@usdoj.gov
        david.fuhr@usdoj.gov
        randall.warden@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on November 16, 2017, I electronically filed the foregoing document via CM/ECF.

s/ Karen E. Rochlin
Karen E. Rochlin
